UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO VAZQUEZ FEAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRENT ALLEN, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-05077-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 7) |

## INTRODUCTION

Plaintiff Lorenzo Feal[1], a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against seven officials at Salinas Valley State Prison ("SVSP"): Chief Deputy Warden Trent Allen, Plant Operations Manager R. Jimenez, Institution Plumber Martinez, Correctional Officer Sanquest, Correctional Officer Palacio, Correctional Officer Lopez, and "John Doe" whom Plaintiff describes as operating SVSP's Building One control tower. (ECF No. 3 at 1; 4 (answer to section II(B); 11 ¶¶ 100-106; 15 ¶ 139.) Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the claim against Defendant Allen is dismissed with leave to amend. The remaining claims, when liberally construed, are capable of being judicially heard and decided.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided

---

[1] The complaint lists an additional 48 SVSP inmates as plaintiffs, none of whom have signed the complaint. Unless otherwise specified, the term "Plaintiff" hereinafter refers to Mr. Feal.

or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## BACKGROUND

Plaintiff alleges between 2021 and June 2023, plumbing and ventilation problems at SVSP caused toilets to malfunction, insufficient water pressure to flush toilets or wash, flooding of cells and dayrooms with water and sewage, occasions without access to urinals or clean water, and temperatures in the cells in excess of 90 degrees. (ECF No. 3 at ¶¶ 130-135, 143, 152-53, 157, 165, 168-69). These conditions "attracted flies, birds, and other vermin," which led to contamination of food, a lack of clean drinking water, and excessive odors and mold in the cells and dayrooms. (*Id.* at ¶¶ 135, 146-47, 153-54, 166-69, 180-84; *see, e.g.*, *id.* at ¶ 182 ("unsanitary" conditions exposed inmates to "diseases, ticks, and injestable elements from the vermin feces as

they accessed Plaintiff['s] food").)  Beginning in 2021, Plaintiff and other inmates "consistently" alerted Defendants Sanquest, Palacio, Lopez, the "Doe" Defendant, Martinez, and Jimenez, to these problems, but they failed to submit work orders and otherwise ignored the multiple requests to fix the broken plumbing and ventilation. (*Id.* at ¶ 139-143, 173-78, 187-200.)  After "over a year" Plaintiff and other inmates filed an administrative grievance, but there were additional delays and ineffective attempts at fixing the plumbing until June 2023, when it was fixed. (*Id.* at ¶¶ 148-60.)  The ventilation problems have not been fixed, however. (*Id.* at ¶¶ 161.)

## LEGAL CLAIMS

### A. Additional Plaintiffs

In addition to Plaintiff Feal, the complaint lists 48 other SVSP inmates as additional plaintiffs, none of whom have signed the complaint.  Rule 11 of the Federal Rules of Civil Procedure requires a party who is not represented by an attorney to "personally" sign "every pleading, written motion, and other paper."  Fed. R. Civ. P. 11(a).  No attorney is representing any of the plaintiffs, and Mr. Feal is not an attorney, so he may not represent other plaintiffs.  As a result, any additional plaintiffs would have to submit and sign the complaint, any amended complaints, and the application to proceed in forma pauperis.  They would also have to either sign or file their own versions of any additional filings in this case.  Because of security restrictions on inmates communicating or corresponding with each other, let alone doing so confidentially, the coordination necessary to litigate a single case by multiple inmates is not possible and at best would cause lengthy delays and waste judicial resources.  For these reasons, Plaintiff may proceed with this case, but if other inmates want to bring similar claims, they must do so in their own case.[2]

### B. Plaintiff's Claims

---

[2] In his prayer for relief, Plaintiff refers to the case as a class action.  (ECF No. 3 at ¶ 212.)  Plaintiff is advised that this case cannot proceed as a class action unless he finds an attorney to represent the class because unrepresented prisoner plaintiffs, such as Plaintiff, are not adequate class representatives able to fairly represent and adequately protect the interests of the class.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); *Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class).

1          Plaintiff claims Defendants violated his Eighth Amendment rights by failing to fix the
2  plumbing and ventilation problems at SVSP.  The conditions under which a prisoner is confined
3  are subject to scrutiny under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31
4  (1993).  The Eighth Amendment prohibits "inhumane" prison conditions and imposes duties on
5  officials to provide prisoners with the basic necessities of life such as food, clothing, shelter,
6  sanitation, medical care and personal safety.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
7  A prison official violates the Eighth Amendment when two requirements are met: (1) the
8  deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses
9  a sufficiently culpable state of mind.  *Id.* at 384.  In determining whether a deprivation of a basic
10 necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim,
11 a court must consider the circumstances, nature, and duration of the deprivation; the more basic
12 the need, the shorter the time it can be withheld.  *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th
13 Cir. 2000).  In cases challenging prison conditions cases, such as this one, the necessary state of
14 mind is one of "deliberate indifference."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

15         When liberally construed, Plaintiff's allegations regarding the conditions caused by the
16 plumbing and ventilation problems for over two years, and his allegations that Defendants
17 Sanquest, Palacio, Lopez, Martinez, Jimenez, and the "Doe" Defendant knew about these
18 problems but failed to take steps to address them more promptly, states a claim against them that
19 is capable of judicial determination for the violation of his Eighth Amendment rights.

20         C.      Defendant Allen

21         Plaintiff names Chief Deputy Warden Allen as a Defendant.  The only allegation against
22 him is that he has the "duties and responsibilities" to "oversee, maintain, and supervise the safety
23 and security of the institution, its staff, and its inmates."  (ECF No. 3 at 3:23-24.)  At the pleading
24 stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was
25 personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193,
26 1194 (9th Cir. 1998).  Plaintiff does not allege any conduct by Allen or any involvement in the
27 alleged violation of his rights.  The fact that Allen was in a supervisory role is not on its own,
28 sufficient to make him legally liable for his subordinates' alleged violation of Plaintiff's rights.

4

*See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983). Accordingly, the complaint does not state a claim that is capable of judicial determination against Defendant Allen. Plaintiff will be granted leave to amend his complaint to cure this deficiency.

### D. Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel. There is no constitutional right to counsel in a civil case under Section 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1) under exceptional circumstances, which is a decision that rests within "the sound discretion of the trial court." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). At this stage this case does not present exceptional circumstances. The claims are not especially complex and Plaintiff is capable of adequately presenting his claims, facts and arguments. Consequently, the Court concludes that requesting an attorney to represent Plaintiff is not necessary at this time.

## CONCLUSION

For the foregoing reasons,

1. The claim against Defendant Allen is DISMISSED with leave to amend. The claims against the other Defendants are, when liberally construed, capable of judicial determination. The motion for appointment of counsel (ECF No. 7) is DENIED.

2. Plaintiff may file an amended complaint on or before May 27, 2024. The amended complaint must include the caption and civil case number used in this order (No. C 23-5077 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claims from his original complaint that the Court has ruled are capable of judicial determination, above. To the extent possible, Plaintiff should include the first name or initial of

each Defendant[3] to help identify them for service, and the name of any "Doe" Defendant.  <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the claims that are dismissed will not be part of this case, and service will be ordered upon Defendants based only upon the claims that the Court has ruled are capable of judicial determination.</u>

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 10, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[3] Plaintiff has only provided the first initial of Defendant R. Jiminez.

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.