UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZO VAZQUEZ FEAL,

    Plaintiff,

v.

TRENT ALLEN, et al.,

    Defendants.

Case No. 23-cv-05077-JSC

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE**

Plaintiff Lorenzo Feal, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against seven officials at Salinas Valley State Prison ("SVSP"): Chief Deputy Warden Trent Allen, Plant Operations Manager R. Jimenez, Institution Plumber Martinez, Correctional Officer Sanquest, Correctional Officer Palacio, Correctional Officer Lopez, and "John Doe" whom Plaintiff describes as operating SVSP's Building One control tower. (ECF No. 3 at 1; 4 (answer to section II(B); 11 ¶¶ 100-106; 15 ¶ 139.)

On April 10, 2024, the claim against Defendant Allen was dismissed for failure to state a claim that is capable of judicial determination. Plaintiff was granted 28 to file an amended complaint, and cautioned: "If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the claims that are dismissed will not be part of this case, and service will be ordered upon Defendants based only upon the claims that the Court has ruled are capable of judicial determination." (ECF No. 10 at 6:2-5.) The deadline has passed and Plaintiff has not filed an amended complaint. Accordingly, the claims against Defendant Allen are DISMISSED with prejudice. *See WMX Technologies v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (when complaint has been dismissed with leave to amend and plaintiff does not amend, further district court determination is necessary).

This case will proceed based upon Plaintiff's Eighth Amendment claim against Defendants

Sanquest, Palacio, Lopez, Martinez, Jimenez, and the "Doe" Defendant arising from their failure to address the plumbing and ventilation problems at his prison. (*See* ECF No. 10 at 4:1-19.)

For the foregoing reasons,

1. Defendants Plant Operations Manager R. Jimenez, Institution Plumber Martinez, Correctional Officer Sanquest, Correctional Officer Palacio, and Correctional Officer Lopez shall be served at Salinas Valley State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the complaint, the order of dismissal with leave to amend (ECF No. 10), this order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case:

a. No later than **August 23, 2024**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual

2

documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **September 20, 2024**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

      d. Defendants shall file a reply brief no later than **October 4, 2024**.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   3. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

//

//

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

**IT IS SO ORDERED.**

Dated: June 3, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.